**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| Kimberly Price ,<br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Constar Financial Services, LLC<br><br>Defendants. | Case No.: 3:25-cv-707<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kimberly Price ("Plaintiff") brings this Class Action Complaint by and through her attorneys, against Constar Financial Services, LLC ("Constar"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* § 1692k.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

**NATURE OF THE ACTION**

5. Plaintiff brings this class action on behalf of a class of consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7. Plaintiff is a resident of the State of North Carolina in the County of Mecklenburg

8. Defendant Constar is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Constar can be served with process at their registered agent c/o Corporation Service Company located at 2626 Glenwood Ave., Suite 550, Raleigh, NC 27608.

10. Upon information and belief, Defendant Constar is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

a. all individuals;

b. to whom Defendant sent an initial collection letter, attempting to collect a consumer debt;

c. providing an amount owed;

d. based on a particular date range between a date certain and "today";

e. without dating the collection letter;

f. which was sent on a date on or after the CFPB Regulation F took effect on November 30, 2021; and

g. which communications were made on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect debts and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's communications with consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications with consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to November 30, 2023, an obligation was allegedly initially incurred by Plaintiff to Hyundai Motor Finance ("Hyundai").

22. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes.

23. The alleged Hyundai obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Hyundai is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief, Hyundai contracted with Defendant to collect the alleged debt.

26. Upon information and belief, Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

28. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

*Violation – Undated Collection Letter*

29. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 28 above herein with the same force and effect as if the same were set forth at length herein.

30. On a date better known to Defendant, the Defendant sent Plaintiff sent an undated collection letter regarding the alleged debt originally owed to Hyundai. *See* Collection Letter attached as Exhibit A.

31. The Plaintiff received this letter on or around September 12, 2024.

32. The Letter is not dated.

33. Despite the fact that the Letter lacks a date, Defendant states, in relevant part:

> **As of November 30, 2023, our information shows:**
>
> You had an account with Hyundai Motor Finance with account number 2020120107****
> As of November 30, 2023 you owed: $12,993.83
>
> Between November 30, 2023 and today: :
>
> | | |
> |---|---|
> | You were charged this amount in interest: | $0.00 |
> | You were charged this amount in fees: | $1,465.00 |
> | You paid or were credited this amount towards the debt | $8,851.92 |
> | **Total amount of the debt now:** | $5,606.91 |
>
> *See* Exhibit A.

34. Plaintiff disputes the amounts alleged as owed on this debt.

35. There is no way to determine from the Letter which date "today" and "now" refer to, as the Letter is not dated.

36. The Plaintiff was thereby misled as to the status of the subject debt, for it was not associated with a particular date.

37. It is common practice to date official letters.

38. Letters that lack a date appear illegitimate.

39. A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector, such as Defendant, and the statements made within the debt collector's correspondence, when it appears that the information stated in the debt collector's letter is incorrect, inaccurate, or

otherwise misleading, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

40. The fact that Defendant did not date the letter and yet attempted to define the subject debt based on a nebulous date was suspicious, misleading, and out of character for a legitimate debt collection.

41. Therefore, Defendant's omissions cast a negative shadow over its debt collection practice in general.

42. By withholding the date of the letter, Defendant withheld a material term from Plaintiff which made it confusing for her to understand the nature of the subject debt.

43. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

44. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

45. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

46. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

47. One important element of consumer protection revolves around keeping the consumer informed.

48. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

49. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

50. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

51. As dating a letter is so basic in the business world, the fact that Defendant left the Letter dateless arouses suspicion as to their underlying motivations for doing so.

52. The non-dated letter coupled with the references to "today" and "now" make it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

53. Defendant's actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

54. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it was an attempt to collect inaccurate or improper monies.

55. That harm would further materialize because Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what her options and possible responses could or should be.

56. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

57. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this alleged debt.

58. Plaintiff was uncertain about the legitimacy of the Letter and misled to her detriment by the statements and/or omissions in the dunning Letter, and relied on the contents of the Letter to her detriment.

59. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

60. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of the debt collection informational furnishment, and ultimate dissemination, to third parties.

61. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused Defendant's furnishment, and ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

62. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

63. Plaintiff was misled and made uncertain to her detriment by the statements and/or omissions in the Letter and relied on the contents of the Letter to her detriment.

64. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, the debt collector has harmed the consumer.

65. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

66. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 65 as if the same were set forth at length herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

68. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. Defendant violated §1692e:

a. As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

b. By making a false and misleading representation/omissions in violation of §1692e(10).

70. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692f *et seq.***

71. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 65 as if set forth herein.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

73. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

74. Defendant violated §1692f:

a. By omitting a material term from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt;

75. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692g *et seq.***

76. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 65 as if set forth herein.

77. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

78. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

79. Defendant violated Section 1692g(a):

a. Failing to properly provide the amount of the debt, by pegging it to an unknown date.

80. Pursuant to 15 USC §1692g(b):

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's

right to dispute the debt or request the name and address of the original creditor.

81. Defendant violated Section 1692g(b) by engaging in collection activities and communication during the 30-day period that overshadowed and/or was inconsistent with the disclosure of the consumer's right to dispute the debt.

82. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

83. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kimbery Price individually and on behalf of all others similarly situated, demands judgment from Defendant Constar Financial Services, LLC as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned, as Class Counsel;

ii. Awarding the Plaintiff and the Class statutory damages;

iii. Awarding the Plaintiff and the Class actual damages;

iv. Awarding the Plaintiff the costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 12, 2025

Respectfully submitted,

**The Emory Law Firm, P.C.**

*C. Randolph Emory* __
C. Randolph Emory, Esq.
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262
Ph: 704-371-4333
remory@theemorylawfirm.com

*Attorneys for Plaintiff*